UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THERESA RINEHART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:06-cv-0688-DFH-TAB |
| ) | |
| CITY OF GREENFIELD, et al., ) | |
| ) | |
| Defendants. ) | |

ENTRY ON COUNTY HOSPITAL'S MOTION TO DISMISS

On March 22, 2006, the City of Greenfield terminated the employment of plaintiff Theresa Rinehart as a firefighter with the Greenfield Fire Department. The City acted after the Fire Department's medical director, Dr. John Jones, notified both Rinehart and the City that he was not willing to allow Rinehart to work as either a paramedic or an emergency medical technician ("EMT") under his medical supervision. Dr. Jones was acting as an agent of defendant Hancock Regional Hospital and Health Service ("Hospital"), which had contracted with the City to act as the medical director for the Fire Department.

Rinehart has asserted a number of federal and state law claims in this lawsuit against the City, its mayor and fire chief, the Hospital, and Dr. Jones and his predecessor, Dr. William Rutherford. The First Amended Complaint contains 43 separate counts, with separate counts against each defendant on most legal

theories. On April 12, 2007, the court issued a decision finding that the City's actions in firing Rinehart violated her rights as a merit firefighter under state law and her federal constitutional right to due process before being deprived of her property interest in her job. *Rinehart v. City of Greenfield*, 2007 WL 1100756 (S.D. Ind. April 12, 2007). That decision was based upon the review of the administrative record developed under Indiana Code § 36-8-3-4.

The Hospital has moved to dismiss all claims against it under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Count 3 alleges a violation of substantive due process rights under the Fourteenth Amendment. Count 10 alleges a violation of plaintiff's procedural due process rights under the Fourteenth Amendment. Count 17 alleges a violation of plaintiff's equal protection rights under the Fourteenth Amendment. Count 24 alleges a violation of plaintiff's First Amendment rights. The federal constitutional claims are asserted under 42 U.S.C. § 1983, which provides a right of action against a person who violates a plaintiff's rights under federal law. Count 30 alleges a violation of plaintiff's free speech rights under the Indiana Constitution. Counts 36 and 37 appear to be identical and allege tortious interference with a "proprietary interest." As explained below, the Hospital's motion is granted as to all claims against it.

The Hospital argues that plaintiff has failed to allege that any violation of her federal constitutional rights resulted from a municipal custom, policy or

practice, as required under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), to hold a local government like the Hospital liable under Section 1983. The Hospital also argues that plaintiff could not possibly prove her claim for tortious interference because there is no allegation that any agent of the Hospital acted illegally.

By moving to dismiss under Rule 12(b)(6), the Hospital has taken on a heavy burden. A defendant is entitled to dismissal only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim on which relief may be granted." *Hickey v. O'Bannon*, 287 F.3d 656, 657 (7th Cir. 2002) (affirming dismissal), citing *Szumny v. American General Finance, Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001); accord, *Chaney v. Suburban Bus Div. of Regional Transp. Auth.*, 52 F.3d 623, 626-27 (7th Cir. 1995). For the purposes of deciding the motion, the court must treat the plaintiff's allegations as true and draw all inferences in her favor, although it need not give weight to unsupported conclusions of law. *O'Bannon*, 287 F.3d at 657-58; *McLeod v. Arrow Marine Transp., Inc.*, 258 F.3d 608, 614 (7th Cir. 2001); *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992). There is no special, heightened pleading standard for Section 1983 claims against local government units like the Hospital. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993). Nevertheless, where there is genuine dispute about an issue of law, a motion under Rule 12(b)(6) can provide a useful tool for addressing that issue.

Turning first to the federal claims, plaintiff alleges that her firing violated several federal constitutional rights. The complaint makes perfectly clear, however, that the Hospital and its agents did not fire her. The City of Greenfield fired her, and the court has already held that the City's firing violated her due process rights under the Fourteenth Amendment. The Hospital's involvement in that firing stemmed from the decisions of its agents, Dr. Rutherford and Dr. Jones, that they would no longer allow plaintiff Rinehart to work as a paramedic and then also as an EMT under their medical supervision. See *Rinehart*, 2007 WL 1100756, at *3-6. After Dr. Jones told the City that he would no longer allow plaintiff to work as a paramedic or EMT under his supervision, the City decided to fire her.

A municipal government body like the Hancock Regional Hospital may not be held liable under Section 1983 on a theory of *respondeat superior*. To hold the Hospital liable under Section 1983, Rinehart must demonstrate that a deprivation of her constitutional rights was caused by "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or by an unwritten custom or practice so well established as to amount to a government policy. *Monell v. Department of Social Services*, 436 U.S. at 690-91; *Kujawski v. Board of Commissioners of Bartholomew County*, 183 F.3d 734, 737 (7th Cir. 1999).

The Seventh Circuit has identified three ways in which a plaintiff may demonstrate the existence of such a policy or custom: (1) proof of an express policy that caused the constitutional violation; (2) a widespread practice constituting a custom or usage that caused the violation; or (3) causation of the violation by a person with final policymaking authority. *Kujawski*, 183 F.3d at 737, citing *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). A person's status as a final policymaker is a question of state or local law. *Kujawski*, 183 F.3d at 737, citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

Plaintiff contends she has alleged all three forms of policy or custom, Pl. Br. at 4, but she has not explained how. The court does not see any of the three forms here, apart from the complaint's bare legal conclusions that the court is not required to accept. First, Rinehart has not identified any express policy of the Hospital that would have caused the City to violate her constitutional rights. After Dr. Rutherford and Dr. Jones made their decisions not to allow further paramedic and EMT practice by plaintiff Rinehart under their supervision, the City had options available to it other than firing Rinehart in violation of her constitutional rights. Second, Rinehart has not alleged and does not suggest that she would even attempt to prove that any violation of her rights was caused by the existence of an unidentified informal but widespread practice at the Hospital that has risen to the level of a municipal custom with the effective endorsement of the Hospital's governing board. See, *e.g., Gustafson v. Jones*, 117 F.3d 1015, 1022 (7th Cir.

1997) (affirming Rule 12 dismissal of *Monell* claims that did not show more than isolated instances of misconduct); *Sivard v. Pulaski County*, 17 F.3d 185, 188 (7th Cir. 1994) (single incident of unconstitutional activity not sufficient to support municipal liability without proof that it was caused by an existing unconstitutional municipal policy). Third, neither Dr. Rutherford nor Dr. Jones was the governing body of the Hospital, which has final policy-making authority. See Ind. Code § 16-22-3-1. Plaintiff has not alleged or identified any delegation of final policy-making by the Hospital's governing board, nor has she offered any basis for claiming that she would be able to prove such a delegation from the governing board of power to make policies that would violate constitutional rights. Cf. *Kujawski*, 183 F.3d at 739-40 (reversing summary judgment and remanding based on issue of fact as to such delegation).

Plaintiff has also asserted both federal and Indiana free speech claims against the Hospital. There is no indication in the complaint of any basis for any free speech claim against the Hospital. Also, the Indiana Constitution itself does not support a claim for damages. *Cantrell v. Morris*, 849 N.E.2d 488, 491-93 (Ind. 2006).

Rinehart's claim for tortious interference with what she calls a proprietary interest fares no better. Under the Indiana law claim (and unlike the doctrines that govern liability under Section 1983), the Hospital may be held responsible for the actions of its agents. However, Indiana law has long established that such a

-6-

tortious interference claim requires proof that the defendant acted illegally. *E.g.*, *Levee v. Beeching*, 729 N.E.2d 215, 222 (Ind. App. 2000), citing *Bradley v. Hall*, 720 N.E.2d 747, 751 (Ind. App. 1999). Plaintiff included in her complaint the bare legal conclusion that the Hospital acted illegally. However, plaintiff has not articulated any theory by which one might conclude that the Hospital or its agents, Dr. Rutherford and Dr. Jones, acted illegally. The court is not required to take legal conclusions at face value. *O'Bannon*, 287 F.3d at 657-58. There is no indication that either doctor took any action other than to withdraw the permission each had granted to Rinehart to work as an EMT or paramedic under his medical supervision. See generally 836 Ind. Admin. Code § 2-2-1(e) (requiring organization that provides paramedic services to have a medical director who attests to competence of paramedics working with organization). As the court has explained in detail in its earlier decision, *the City's response* to Dr. Jones' decision was contrary to law and violated Rinehart's statutory and constitutional rights. But plaintiff has not articulated any viable theory by which the court could conclude that the Hospital or the doctors acted "illegally" in this matter.

Accordingly, the Hospital's motion to dismiss all claims against it is hereby granted. This dismissal of Counts 3, 10, 17, 24, 30, 36, and 37 is without prejudice to Rinehart's ability to file an amended complaint on or before June 11, 2007 alleging a basis for liability on the Hospital's part if she and her attorneys can do so consistent with their obligations under Rule 11 of the Federal Rules of Civil Procedure. If she does not file an amended complaint, the dismissal will be

with prejudice, though without entry of a separate final judgment that would apply only to this defendant.

So ordered.

Date: May 11, 2007

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Kim F. Ebert
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kim.ebert@ogletreedeakins.com

Paul T. Fulkerson
SKILES DETRUDE
pfulkerson@skilesdetrude.com

Keith A. Karlson
LANGENBACHER KARLSON LLC
keith@lkindy.com

Matthew Gerard Langenbacher
LANGENBACHER KARLSON LLC
matt@lkindy.com

Bonnie L. Martin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
bonnie.martin@odnss.com

Christopher L. Riegler
HALL RENDER KILLIAN HEATH & LYMAN
criegler@hallrender.com

Craig M. Williams
HALL RENDER KILLIAN HEATH & LYMAN
cwilliams@HallRender.com